

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2010

# Wills v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Wills v. USA" (2010). *2010 Decisions*. Paper 2033.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2033

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-096                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4217

_____

CHRISTOPHER WILLS,
                                        Appellant

v.

UNITED STATES OF AMERICA;
CAMERON LINDSAY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3-09-cv-00468)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2010

Before:  SLOVITER, AMBRO AND SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 20, 2010)

_____

OPINION

_____

PER CURIAM

     Christopher Wills, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the Middle District of Pennsylvania dismissing his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an order denying his

motion for reconsideration. We will affirm.

In 2001, Wills was convicted in the United States District Court for the Eastern District of Virginia of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and interstate stalking resulting in death in violation of 18 U.S.C. § 2261A. Wills was sentenced to life in prison without parole. The United States Court of Appeals for the Fourth Circuit affirmed Wills's conviction on direct appeal and the United States Supreme Court denied his petition for a writ of certiorari.

In 2006, the United States District Court for the Eastern District of Virginia denied Wills's motion to vacate sentence pursuant to 28 U.S.C. § 2255. The Fourth Circuit Court of Appeals denied Wills's request for a certificate of appealability and the United States Supreme Court denied his petition for a writ of certiorari. In 2007, Wills filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, which the District Court construed as a successive § 2255 motion and dismissed for lack of jurisdiction. We dismissed Wills's subsequent appeal because it was untimely filed. See C.A. No. 08-1933.

In 2009, Wills filed another habeas petition in District Court pursuant to § 2241 claiming, as he had in 2007, that his conduct did not satisfy the federal jurisdictional element of the kidnapping statute because he did not accompany his victim across state lines. Wills argued that a 2006 amendment to the statute expanded federal jurisdiction to reach his conduct, which involved deceiving his victim to voluntarily travel across state

2

lines to seek a purported job opportunity.[1]  Wills maintained that he could seek relief

under § 2241 under our decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 2007).  The

District Court disagreed that Wills could seek relief under § 2241 and dismissed his

habeas petition for lack of jurisdiction.  The District Court also denied Wills's motion for

reconsideration.  This appeal followed.

As recognized by the District Court, motions pursuant to 28 U.S.C. § 2255 are the

presumptive means by which federal prisoners can challenge their convictions or

sentences.  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Although a

petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would

be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because

---

[1]The statute in effect at the time of Wills's offense defined kidnapping as:

> (a)  Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps,
> abducts, or carries away and holds for ransom or reward or otherwise any
> person . . . when - (1) the person is willfully transported in interstate or
> foreign commerce;

18 U.S.C. § 1201(a)(1) (1998).  The statute, as amended in 2006, defines kidnapping as:

> (a)  Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps,
> abducts, or carries away and holds for ransom or reward or otherwise any
> person . . . when - (1) the person is willfully transported in interstate or
> foreign commerce, regardless of whether the person was alive when
> transported across a State boundary, or the offender travels in interstate or
> foreign commerce or uses the mail or any means, facility, or instrumentality
> of interstate or foreign commerce in committing or in furtherance of the
> commission of the offense;

18 U.S.C. § 1201(a)(1) (2006).

the sentencing court denies relief or because the petitioner is unable to meet the gatekeeping requirements of § 2255. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. Id. at 538.

Wills has not made such a showing. Wills litigated pre-trial the issue of whether the facts alleged in the indictment satisfied the jurisdictional element of the kidnapping statute. See United States v. Wills, 234 F.3d 174, 179 (4th Cir. 2000) (holding that the fact that Wills willfully caused unaccompanied travel over state lines was sufficient to confer federal jurisdiction under 18 U.S.C. § 1201(a)(1)). Wills raised the issue again on direct appeal, United States v. Wills, 346 F.3d 476, 487 (4th Cir. 2003), and in his § 2255 proceedings. The fact that Wills was unsuccessful or may be barred from filing a second § 2255 motion does not render § 2255 inadequate or ineffective.

We agree with the District Court that this case is distinguishable from In re Dorsainvil, 119 F.3d at 248, in which we held that the petitioner could raise a claim under Bailey v. United States, 516 U.S. 137 (1995), in a habeas petition pursuant to § 2241. The petitioner in Dorsainvil had no earlier opportunity to challenge his conviction for a crime that the intervening change in substantive law in Bailey may have negated. Id. at

4

251.[2]  Unlike in Dorsainvil, the 2006 amendment to § 1201(a)(1) is not an intervening change in substantive law that may have negated the crime for which Wills is incarcerated.  To the contrary, Wills concedes that his conduct is covered by the amended statute.

Because this appeal does not raise a substantial question, we will summarily affirm the District Court's orders.[3]

---

[2]In Bailey, the Supreme Court held that a defendant could not be convicted of using a firearm during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(c)(1) unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime."  Dorsainvil, 119 F.3d at 247 (citation omitted).

[3]Wills's request for appointment of counsel is denied.